UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 1:21-cr-115 |
| v. | ) | |
| | ) | Judge Atchley |
| | ) | |
| JAWANN MAKEEL BURTON | ) | Magistrate Judge Steger |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Jawann Makeel Burton's Motion in Limine [Doc. 108] and Motion to Sever [Doc. 109]. For reasons that follow, both motions will be **DENIED**.

I.     **FACTUAL BACKGROUND**

On September 28, 2021, Defendant Jawann Makeel Burton was indicted on drug and weapons charges. [Doc. 1]. Nearly two years later, on September 12, 2023, a grand jury issued a superseding indictment, charging Defendant with six counts. [Doc. 100]. Counts One and Two stem from an April 26, 2021, incident and allege that Defendant possessed fentanyl with intent to distribute (Count One) and possessed a firearm in furtherance of that drug trafficking crime (Count Two). [*Id.* at 1]. Counts Three and Four allege that on May 13, 2021, Defendant possessed marijuana with intent to distribute (Count Three) and possessed a firearm in furtherance of that drug trafficking crime (Count Four). [*Id.* at 2]. Counts Five and Six allege that on September 29, 2021, Defendant possessed fentanyl with intent to distribute (Count Five) and possessed a firearm in furtherance of that drug trafficking crime (Count Six). [*Id.* at 2–3].

Defendant filed a Motion in Limine [Doc. 108] and a Motion to Sever [Doc. 109] on October 24, 2023. Defendant's Motion in Limine seeks to prevent the Government from introducing any evidence regarding his alleged gang membership. Meanwhile, the Motion to Sever requests a separate trial for Counts Three and Four of the Superseding Indictment. The

Government filed responses to the Motion in Limine [Doc. 114] and Motion to Sever [Doc. 113] on November 14, 2023, meaning that both motions are now ripe for the Court's review.

## II. ANALYSIS

### A. Motion in Limine [Doc. 108]

Defendant's Motion in Limine contends that the Government should be prevented from introducing any evidence regarding his alleged gang membership because such evidence is irrelevant to the charges included in the Superseding Indictment. [Doc. 108 at 1]. In response, the Government asserts that it "does not anticipate seeking introduction of gang evidence at trial." [Doc. 114]. The Government explains that if its trial strategy changes, however, it will provide Defendant with notice of its intent to introduce evidence of gang affiliation. [*Id.*]. Considering the Government's response, Defendant's Motion in Limine [Doc. 108] is **DENIED WITHOUT PREJUDICE TO REFILING**. Defendant may renew his Motion in Limine if the Government provides notice of its intent to introduce evidence of gang affiliation, and the Court will rule on the issue at that time.

### B. Motion to Sever [Doc. 109]

In his Motion to Sever, Defendant requests that Counts Three and Four of the Superseding Indictment be tried separately from the remaining counts. [Doc. 109 at 1]. Defendant's request hinges on the fact that Counts Three and Four involve marijuana-related charges whereas the remaining counts implicate fentanyl. [*Id.* at 1–2]. According to Defendant, the "cumulative impact of different drugs bears the risk of a jury being unduly prejudiced by unspoken claims that [his] alleged actions are beyond what was charged" and may invite speculation that he possessed drugs beyond those implicated in the Superseding Indictment. [*Id.* at 2]. The Government counters that all counts were properly joined pursuant to Federal Rule of Criminal Procedure 8(a). [Doc. 113].

2

Case 1:21-cr-00115-CEA-CHS   Document 115   Filed 11/29/23   Page 2 of 7   PageID #: 384

Federal Rule of Criminal Procedure 8(a) "allows the joinder of two or more offenses in the same indictment or information if the offenses charged are 'of the same or similar character,' 'based on the same act or transaction,' or connected by a 'common scheme or plan.'" *Thomas v. United States*, 849 F.3d 669, 675 (6th Cir. 2017) (quoting FED. R. CRIM. P. 8(a)). Courts consider the allegations on the face of the indictment alone when determining whether joinder is authorized under Rule 8(a). *Id.* (citing *United States v. Chavis*, 296 F.3d 450, 456–57 (6th Cir. 2002)). When construing Rule 8(a), the Sixth Circuit has indicated that joinder is the favored outcome. *United States v. Deitz*, 577 F.3d 672, 692 (6th Cir. 2009) (citation omitted).

The Sixth Circuit has found joinder proper in circumstances similar to those presented here. In *United States v. Wilkins*, the defendant was charged with five offenses, three of which occurred on January 1, 2003. 253 F. App'x 538, 539 (6th Cir. 2007). Those offenses included charges of being a felon in possession of a firearm (count one), possessing a firearm in furtherance of a drug trafficking crime (count two), and possessing marijuana with intent to distribute (count three). *Id.* The indictment included two additional offenses that took place three months later, on April 3, 2003, and charged the defendant with being a felon in possession of a firearm (count four) and being a felon in possession of six rounds of ammunition (count five). *Id.* The defendant moved to sever counts one through three from counts four and five. *Id.*

On these facts, the Sixth Circuit found that joinder of all counts was proper. *Id.* at 541. Although no language in the indictment suggested that counts one through three were part of the same transaction or connected with counts four and five, which took place three months later, the Sixth Circuit concluded that counts one, four, and five were offenses "of the same or similar character," thus rendering joinder proper under Rule 8(a). *Id.* (quoting FED. R. CRIM. P. 8(a)). This was so because "[b]oth Count 1 and Count 4 charged the defendant with being a felon in possession

3

of a firearm in violation of 18 U.S.C. § 922(g), and Count 5 charged the defendant with being a felon in possession of six rounds of ammunition in violation of 18 U.S.C. § 922(g)." *Id.* In other words, despite their lacking temporal connection, counts one, four, and five were "of the same or similar character" given that each charged the defendant with violations of the same statute, 18 U.S.C. § 922(g). The Sixth Circuit also concluded that "Counts 2 and 3 were a part of the same act or transaction as Count 1, [having all occurred on January 1, 2003], and thus those counts were also properly joined in the same indictment with Counts 1, 4 and 5." *Id.*

The facts here warrant the same conclusion reached in *Wilkins*. As in *Wilkins*, Defendant has been charged with offenses that allegedly took place at different times. Count Four, which Defendant seeks to sever, contains a charge for possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). [Doc. 100 at 2]. That Count cites the same statute as Counts Two and Six, which also allege that Defendant violated § 924(c)(1)(A)(i) by possessing firearms in furtherance of drug trafficking crimes. [*Id.* at 1, 3]. True, the offenses in Counts Two and Six occurred on different dates than the offense in Count Four, but that fact does not change the analysis.[1] Per *Wilkins*, because Count Four charges Defendant with violation of the same statute as Counts Two and Six, Count Four is an offense "of the same or similar character" as the offenses in Counts Two and Six, thus rendering joinder proper. Also per *Wilkins*, joinder of Count Three is proper because it, having occurred on May 13, 2021, was part of the same act or transaction as Count Four, meaning it can be joined with the other counts.

Beyond *Wilkins*, other circuits have concluded that joinder of offenses involving different types of drugs satisfies Rule 8's requirements. In *United States v. Berg*, the Seventh Circuit rejected

---

[1] Of particular relevance here, for offenses to be considered "of the same or similar character," they need not be connected to one another, whether temporally or otherwise. *See Chavis*, 296 F.3d at 460–61 (explaining that "joinder of offenses that are 'of the same or similar character' but unrelated . . . is explicitly permitted under Rule 8(a)).

4

the defendant's argument that joinder of his marijuana and cocaine trafficking charges was improper because they involved different drugs and occurred at different times. 714 F.3d 490, 495 (7th Cir. 2013). The court emphasized that for offenses to be deemed "of the same or similar character," Rule 8(a) only requires that they be "of like class" and does not demand that they be related temporally or evidentially. *Id.* (citations omitted). Applying that standard, the Seventh Circuit found it immaterial that the defendant's charges involved trafficking of different kinds of drugs—marijuana versus cocaine. *Id.* Instead, the court concluded, "the fact that both crimes involved drug dealing suffices to make them of like class." *Id.*

The Court finds *Berg*'s reasoning persuasive and reaches the same conclusion in this case. It is immaterial for purposes of joinder that Counts Three and Four of the Superseding Indictment involve marijuana while the remaining counts involve fentanyl instead. Counts Three and Four, like the remaining counts of the Superseding Indictment, concern drug dealing and firearm possession. These similarities are sufficient to render Counts Three and Four "of the same or similar character" as Counts One, Two, Five, and Six pursuant to Federal Rule of Criminal Procedure 8(a).

The fact that joinder is proper under Rule 8(a) does not end the inquiry. Enter Rule 14 of the Federal Rules of Criminal Procedure. "Rule 14 authorizes a defendant to move for severance in situations in which joinder of multiple offenses or defendants is proper under Rule 8, but nonetheless would be prejudicial to the defendant." *Chavis*, 296 F.3d at 457 (citing *Zafiro v. United States*, 506 U.S. 534, 538 (1993)). To prevail on a motion to sever made pursuant to Rule 14, the defendant "must show compelling and specific prejudice" that would result from a single trial. *United States v. Sherlin*, 67 F.3d 1208, 1215 (6th Cir. 1995) (citing *United States v. Sivils*, 960 F.2d 587, 594 (6th Cir. 1992)). Such prejudice exists in cases where "the jury would be unable to
5

keep the evidence from each offense separate and unable to render a fair and impartial verdict on each offense." *United States v. Rox*, 692 F.2d 453, 454 (6th Cir. 1982) (citation omitted). Nevertheless, the Sixth Circuit follows a presumption that juries can sort through the evidence and consider each count separately. *United States v. Carver*, 470 F.3d 220, 238 (6th Cir. 2006) (quoting *United States v. Welch*, 97 F.3d 142, 147 (6th Cir. 1996)). And dangers of prejudice are often curable by measures less drastic than severance, such as limiting instructions. *United States v. Cope*, 312 F.3d 757, 781 (6th Cir. 2002) (citing *United States v. Jacobs*, 244 F.3d 503, 507 (6th Cir. 2001)).

The Court finds that Defendant has failed to demonstrate any compelling and specific prejudice that would result from denial of his request for a severance.[2] The Sixth Circuit has explained that the burden of showing prejudice in this context is "very heavy." *Deitz*, 577 F.3d at 693 (citations omitted). The Court would be hard-pressed to conclude that Defendant's one-sentence discussion of possible prejudice satisfies his heavy burden. Defendant's abbreviated argument suggests that the cumulative effect of the evidence may lead the jury to speculate that he possessed drugs beyond those included in the Superseding Indictment. [Doc. 109 at 2]. But Defendant does not cite any authority to suggest that this particular risk of prejudice is sufficient to satisfy his heavy burden and justify a severance. Defendant also offers no explanation as to why less intrusive measures, such as providing limiting instructions to the jury, would fail to alleviate the alleged dangers of prejudice. In short, Defendant has not met his Rule 14 burden.

### III. CONCLUSION

Considering the foregoing, because the Government expressed that it does not intend to

---

[2] Defendant's Motion to Sever [Doc. 109] does not explicitly invoke Federal Rule of Criminal Procedure 14. Nevertheless, because Defendant's Motion suggests that prejudice would result from joinder, the Court will analyze the Motion under Rule 14 out of an abundance of caution.

6

introduce any evidence of Defendant's gang affiliation, Defendant's Motion in Limine [Doc. 108] is **DENIED WITHOUT PREJUDICE TO REFILING**. Defendant's Motion to Sever [Doc. 109] is also **DENIED**. Counts Three and Four satisfy Federal Rule of Criminal Procedure 8(a)'s requirements for joinder, and Defendant has failed to demonstrate that a single trial would result in prejudice sufficient to justify severance pursuant to Federal Rule of Criminal Procedure 14.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**